POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Attorney for Movant the*
*PharmaCielo Investor Group*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GABBARD, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMACIELO LTD., DAVID ATTARD, and SCOTT LAITINEN,<br><br>Defendant. | No.: 2:20-cv-02182-PSG-JC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE PHARMACIELO INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL<br><br>DATE: June 29, 2020<br>TIME: 1:30 p.m.<br>JUDGE: Philip S. Gutierrez<br>CTRM: # 6A, 6th Floor |
| HOWARD ANDERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHARMACIELO LTD., DAVID ATTARD, and SCOTT LAITINEN,<br><br>Defendants. | No.: 2:20-cv-03759 |

MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ........................................................................1

II.   STATEMENT OF FACTS ..............................................................................2

III.  ARGUMENT...................................................................................................4

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ........................................................................................4

    B.    THE PHARMACIELO INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ..........................................................6

        1.    The PharmaCielo Investor Group is Willing to Serve as Class Representative ........................................................................7

        2.    The PharmaCielo Investor Group Has the "Largest Financial Interest"..................................................................................7

        3.    The PharmaCielo Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure.....9

        4.    The PharmaCielo Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses........................................................................ 12

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..................................................................................12

IV.   CONCLUSION...............................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*A.F.I.K. Holding SPRL v. Fass*,
216 F.R.D. 567 (D.N.J. 2003)..................................................................................8

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)...............................................................................................11

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994) .......................................................................................10

*Bassin v. Decode Genetics, Inc.*,
230 F.R.D. 313 (S.D.N.Y. 2005) .............................................................................5

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006) ..............................................................................10, 11

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) .............................................................................5

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999)..............................................................................10

*Fischler v. Amsouth Bancorporation*,
176 F.R.D. 583 (M.D. Fla. 1997) .............................................................................9

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ...........................................................................9

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996)...............................................................................9

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) .................................................8

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)..............................................8

*In re GE Sec. Litig.*,No. 09 Civ. 1951 (DC),
2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009)..............................................5

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998) ............................................................................8, 10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................................9

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) ..................................................................................5

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004)....................................................................................8

*Janovici v. DVI, Inc.*, No. 03-4795,
  2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003) .............................................8

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) .......................................................................................4

*Lax v. First Merch. Acceptance Corp.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...............................................8

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993) .........................................................................................4

*Osher v. Guess ?, Inc.*,
  2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ............................................12

*Riordan v. Smith Barney*,
  113 F.R.D. 60 (N.D. Ill. 1986).....................................................................................11

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) .............................................................................*passim*

## Rules

Federal Rules of Civil Procedure Rule 23 .....................................................................*passim*

Federal Rules of Civil Procedure Rule 42 ....................................................................1, 4

MEMORANDUM OF POINTS AND AUTHORITIES

iii

Movants Howard Anderson and Pamela Que[1] (collectively, the "PharmaCielo Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the PharmaCielo Investor Group as Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired PharmaCielo Ltd. ("PharmaCielo" or the "Company") securities between June 21, 2019 and March 2, 2020, both dates inclusive (the "Class Period"); and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.   PRELIMINARY STATEMENT

The Related Actions are on behalf of all persons and entities that purchased or otherwise acquired PharmaCielo securities during the Class Period.  Each of the Related Actions raises substantially similar allegations: defendants violated federal securities laws by issuing false and misleading statements.  Accordingly, consolidation of the Related Actions is appropriate.

---

[1] Pamela Que pursues claims in this litigation in connection with transactions in PharmaCielo securities made by her partner, Farrell Dorsey.  Farrell Dorsey has duly assigned to Pamela Que the right to pursue such claims. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Ex. A.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The PharmaCielo Investor Group, with losses of approximately $166,752 calculated on a first-in, first-out ("FIFO") basis and $162,470 calculated on a last-in, first-out ("LIFO") basis in connection with its purchases of PharmaCielo securities, has the largest financial interest in the relief sought in this action to its members' knowledge. *See* Pafiti Decl., Ex. B. The PharmaCielo Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as its members are adequate representatives with claims typical of the other Class members. Accordingly, the PharmaCielo Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## II.    STATEMENT OF FACTS

PharmaCielo, through its subsidiary, PharmaCielo Colombia Holdings S.A.S., purports to cultivate, process, produce, and supply medicinal-grade cannabis oil extracts and related products in Colombia and internationally.

Throughout the Class Period, defendants made false and/or misleading statements and/or failed to disclose that: (i) PharmaCielo engaged in undisclosed related party transactions with General Extract; (ii) PharmaCielo engaged in misleading transactions and loans with General Extract; (iii) PharmaCielo had significantly overstated the

efficacy and competitiveness of the Company's business and operations in South America, including Peru and Colombia; (iv) PharmaCielo's Research Technology and Processing Centre was never on-schedule and is delayed; (v) the Rionegro facility is located on a floodplain and contaminated with mold and pesticides from its previous tenants; (vi) PharmaCielo's Cauca Department land has never been utilized by the Company and is idle; and (vii) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

On January 9, 2020, Marijuana Business Daily ("MBD") published an article entitled "New medical cannabis sales opportunities in Peru face downward price pressure after winning company's very low bid" (the "MBD Article"). According to that article, "[t]he price offered by the winner of the first bidding process to supply medical cannabis in Peru came in well below that of other applicants," including PharmaCielo, which, "[t]o comply with the purity requirement . . . offered CBD isolate in powder form," and was disqualified "because the company didn't make an offer in 'liquid' form as required."

On this news, shares of PharmaCielo fell $0.122 per share, or 4.80%, to close at $2.42 per share on January 10, 2020. However, PharmaCielo's shares continued to trade at artificially inflated prices as a result of Defendants' continued misrepresentations and misstatements throughout the rest of the Class Period.

MEMORANDUM OF POINTS AND AUTHORITIES

3

Then, on March 2, 2020, Hindenburg Research published a report explaining that PharmaCielo had failed to disclose: (i) transactions with related parties; (ii) misleading business transactions and loans with General Extract and XPhyto; (iii) the delayed state of its Research Technology and Processing Centre's construction; and (iv) the poor state of its Rionegro Growing Facility.

On this news, shares of PharmaCielo fell $0.5132 per share over the next two trading days, or 36.14%, to close at $0.9068 per share on March 3, 2020, damaging investors.

## III.    ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). See also Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d

Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of PharmaCielo's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S.

Dist. LEXIS 69133), at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

### B.   THE PHARMACIELO INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The PharmaCielo Investor Group should be appointed Lead Plaintiff because, to its members' knowledge, it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23.  Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

MEMORANDUM OF POINTS AND AUTHORITIES

6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the PharmaCielo Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. The PharmaCielo Investor Group is Willing to Serve as Class Representative

On March 6, 2020, counsel for a plaintiff in the first of the Related Actions to be filed caused a notice to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of PharmaCielo securities that they had 60 days—*i.e.*, until May 5, 2020—to file a motion to be appointed as Lead Plaintiff.  *See* Pafiti Decl., Ex. C.

The PharmaCielo Investor Group has filed the instant motion pursuant to the Notice, and its members have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. D.  Accordingly, the PharmaCielo Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The PharmaCielo Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the PharmaCielo Investor Group's members believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at \*7-\*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2] The most critical among the *Lax* Factors is the approximate loss suffered.  *See, e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at \*39 (E.D. Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at \*2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003).

During the Class Period, the PharmaCielo Investor Group (1) purchased 83,730 shares of PharmaCielo stock; (2) expended $315,213 on its purchases of PharmaCielo securities; (3) retained 61,355 shares of PharmaCielo stock; and (4) as a result of the disclosures of the fraud, suffered a loss of $166,752 on a FIFO basis and $162,470 on a LIFO basis in connection with its purchases of PharmaCielo securities.  *See* Pafiti Decl., Ex. B.  Because the PharmaCielo Investor Group possesses the largest financial interest

---

[2] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at \*22-\*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. The PharmaCielo Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth*

*Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

The claims of the PharmaCielo Investor Group are typical of those of the Class. The PharmaCielo Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning PharmaCielo, or omitted to state material facts necessary to make the statements they did make not misleading. The PharmaCielo Investor Group, as did all members of the Class, purchased PharmaCielo securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those

misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The PharmaCielo Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the PharmaCielo Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation.  Moreover, the PharmaCielo Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. The PharmaCielo Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing the PharmaCielo Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the PharmaCielo Investor Group to fairly and adequately represent the Class has been discussed above.  The PharmaCielo Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The PharmaCielo Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Pafiti Decl., Ex. E. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Related Actions, the PharmaCielo Investor Group's counsel have the skill and knowledge which will enable them to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by the PharmaCielo Investor Group, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, the PharmaCielo Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the PharmaCielo Investor Group as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated:  May 5, 2020                                    POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for the PharmaCielo Investor Group and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Howard Anderson*

THE SCHALL LAW FIRM
Brian Schall
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 310-301-3335
Fax: 877-590-0482
Email: brian@schallfirm.com

*Additional Counsel for Pamela Que*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/     Jennifer Pafiti*
Jennifer Pafiti