**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Plaintiff*

- additional counsel on signature page -

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PHARMACIELO LTD. SECURITIES LITIGATION<br><br>This Document Relates to:<br>All Actions | Case Number: 2:20-cv-02182-PSG-JC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO SUBMIT CHARTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Court:    6A<br>Judge:    Hon. Philip S. Gutierrez |

Lead Plaintiff Pharmacielo Investor Group ("Plaintiff") hereby respectfully submits this Memorandum of Law in opposition to Defendants' Ex Parte Application For Leave To Submit Charts In Support Of Their Motion To Dismiss The Amended Complaint, filed on October 19, 2020 (Doc. No. 33)("Application").

## **ARGUMENT**

This Court's Standing Order, Rule 10 provides that, "***Ex parte applications are solely for <u>extraordinary relief</u> and should be used with discretion***" (Emphasis added). Defendants filed their Application yesterday solely for the purpose of submitting charts along with their anticipated motion to dismiss. Defendants' Application hardly rises to the level of a request for "extraordinary relief." Hours before filing the Application, defense counsel represented via email that they intended to seek leave to submit charts that are "similar to what we filed in Acadia." Declaration of Tamar A. Weinrib ("Weinrib Decl."), Ex. 1. Plaintiff's counsel responded that Plaintiff would oppose the Application to the extent Defendants' charts "constitute an extension of [] argument like the charts [defendants submitted in *In re Acadia Pharm. Inc. Sec. Litig*, No. 18-CV-01647-AJB-BGS (S.D. Cal.)[1]]," and further indicated its position that to the extent the charts contain argument, Defendants' request "should be a request for page extension." *Id.*

In *Acadia,* defendants (represented by the same defense counsel that represents Defendants here) filed a 25-page chart with their Motion to Dismiss the Amended Class Action Complaint detailing the alleged misstatements in the *Acadia* Amended Complaint and presenting defendants' arguments as to "Why [each] Statement Is Not Actionable[.]" Weinrib Decl., Ex. 2 (*Acadia,* Dkt. No. 52-4, pages 2-26). Plaintiff in *Acadia* filed a motion to strike the chart as an impermissible attempt to circumvent the Local Rule's 25-page brief limitation.

---

[1] Hereinafter referred to as "*Acadia.*"

1

*Acadia,* Dkt. No. 2. Judge Battaglia agreed, and entered an order on June 1, 2020 striking the chart, recognizing that defendants submitted it, "***for the sole purpose of presenting addit ional arguments against falsi ty which they could not fit in their Memorandum of Points and Authorities* .**" *In re Acadia Pharm. Inc. Sec. Litig.*, No. 18-CV-01647-AJB-BGS, 2020 U.S. Dist. LEXIS 95464, at *8-9 (S.D. Cal. June 1, 2020) (emphasis added). Judge Battaglia simultaneously ruled that the Amended Complaint had alleged all the elements of a Section 10(b) claim, but asked plaintiff to file a Second Amended Complaint removing the few alleged misstatements the Court had deemed inactionable. *Id.* at **12-27. Prior to moving to dismiss the Second Amended Complaint, defendants filed an *ex parte* application seeking leave to file charts, which they represented they intended to submit "solely for the Court's convenience" and which they claimed, "will not contain new argument." *Acadia,* Dkt. No. 85. The Court entered defendants' Proposed Order, which simply granted defendants "Leave to Submit Charts in Support of Their Motion to Dismiss the Second Amended Complaint." Nguyen Decl., Ex. A (*Acadia,* Dkt. No. 87). It did not grant defendants leave to file additional pages of **argument** beyond the 25-page brief limitation. Nevertheless, the Acadia defendants once again filed lengthy charts with their motion to dismiss the Second Amended Complaint (which had not been attached to their *ex parte* application) that, like the stricken chart, contained an extension of their argument. Nugyen Decl., Ex. B.

The *Acadia* Court saw through that ploy the first time:

Defendants try to assert the argument that this is simply a chart for the Court's convenience, however, that is not the case. While the Court does appreciate charts to simplify complex arguments, Defendants utilized this chart to identify 108 statements encompassing 38 paragraphs of the complaint in a 25-page chart. This is simply an extension of Defendants' argument and thus, Defendants' have exceeded the 25-page limit for their briefs.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO SUBMIT CHARTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT CASE NO.: 2:20-cv-02182-PSG-JC

*In re Acadia Pharm. Inc. Sec. Litig.*, 2020 U.S. Dist. LEXIS 95464, at *8-9; *See also see Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984-JST, 2016 U.S. Dist. LEXIS 136135, at *12 n.3 (N.D. Cal. Sep. 30, 2016) ("It is difficult to view this appendix as anything other than an unsubtle vehicle for deliberately circumventing the page limits imposed on the parties' briefing."). While the *Acadia* Court has not yet ruled on defendants' second motion to dismiss, and thus has not addressed for the second time the appropriateness of the argument contained in those charts, there is no logical reason why it would stray from its original stance.

Similarly, the Pharmacielo Defendants admit that—like the *Acadia* defendants—they plan to use charts to list the allegedly misleading statements in the Amended Complaint and identify which arguments in the brief apply to each. Application, at 3 ("the charts…identify each specific challenged statement that is subject to each argument made in Defendants' brief").

Another court in the Ninth Circuit addressed a highly-analogous situation. In *Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMx), 2017 U.S. Dist. LEXIS 222743, at *10 (C.D. Cal. Nov. 20, 2017), the defendants filed a chart attached to their motion to dismiss which purportedly "consolidate[d] Rentech's allegedly false and misleading statements and highlight[ed] what Defendants contend are defects in Plaintiff's pleadings." Like Defendants here, the defendants in *Jiangchen* argued that the chart was merely "provided to assist the Court in considering the [complaint]." *Id*. The court was not persuaded and agreed with the plaintiff who argued that the chart "constitute[d] an extension of Defendants' argument and thus Defendants have exceeded the 25-page limit set for briefs in [the relevant] Local Rule[,]" and struck the chart from its docket. *Id*.

Defendants' Application boils down to a request to file charts linking alleged misstatements in the Amended Complaint to arguments in Defendants' motion to dismiss brief because they cannot adequately address the "large volume of challenged statements" in a 25- page brief. Application at 4. They claim their charts

3

PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO SUBMIT CHARTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
CASE NO.: 2:20-cv-02182-PSG-JC

"will not contain new argument," *id.,* but made that same promise in *Acadia* and nevertheless proceeded to file 25 pages of charts with arguments regarding alleged misstatements that they did not address in their brief. Standing Order Rule 5(c) makes clear the Court's strong preference that parties limit their arguments in support of and in opposition to motions to 25 pages and that, "only in ***rare instances*** and for ***good cause shown*** will the Court grant an application to extend these page limitations." (Emphasis Added). Rather than following proper procedure and filing a request for page extension that attempts to convince this Court why this is one of those "rare instances," Defendants instead seek an end run around the Standing Orders and intend—as they admitted by comparing their intended charts to those submitted in *Acadia* (*see* Weinrib Decl., Ex. 1)—to file charts containing argument in support of their motion.

## CONCLUSION

Therefore, for the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendants' Application.

Dated: October 20, 2020

Respectfully submitted,

**POMERANTZ LLP**

*s/ Tamar A. Weinrib*
Jeremy A. Lieberman
(admitted *pro hac vice*)
Tamar A. Weinrib
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
taweinrib@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti
1100 Glendon Avenue, 15th Floor

PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO SUBMIT CHARTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
CASE NO.: 2:20-cv-02182-PSG-JC

Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
(admitted *pro hac vice*)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Lead Counsel for Plaintiff*

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application
forthcoming)
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Howard
Anderson*

**THE SCHALL FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile: 877-590-0482
brian@schallfirm.com

*Additional Counsel for Pamela Que*

5

PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO SUBMIT CHARTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
CASE NO.: 2:20-cv-02182-PSG-JC