COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
LINH K. NGUYEN (305737)
(lknguyen@cooley.com)
4401 Eastgate Mall
San Diego, California 92121-1909
Telephone:  +1 858 550 6000
Facsimile:  +1 858 550-6420

*Attorneys for Defendants PharmaCielo Ltd., David Attard, Scott Laitinen, and David Gordon*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| IN RE PHARMACIELO LTD. SECURITIES LITIGATION, | Case No. 2:20-cv-02182-PSG-JC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO SUBMIT CHARTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Court:    6A<br>Judge:    Hon. Philip S. Gutierrez |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Plaintiff's Opposition (Dkt. 34, the "Opposition") to Defendants' *Ex Parte* Application for Leave to Submit Charts in Support of Their Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 33, the Application") is a side show.

Plaintiff confusingly refers to the chart filed with the defendants' <u>first</u> motion to dismiss in *In re Acadia Pharm. Inc. Sec. Litig.*, No. 18-CV-01647-AJB-BGS (S.D. Cal.). (*See* Weinrib Decl. Ex. 2.) There, the court admittedly struck defendants' 25-page chart filed with their opening brief. *In re Acadia Pharm. Inc. Sec. Litig.*, 2020 WL 2838686, at *2–4 (S.D. Cal. June 1, 2020). However, in doing so, the court explained that ***"[d]efendants [] needed to seek leave of the Court [to submit the chart] prior to filing their brief*."* *Id.* at *3 (emphasis added). And because the "[d]efendants failed to do so," the court struck the chart, but it also expressly noted that it "***does appreciate charts to simplify complex arguments***." *Id.* As a result, the *Acadia* defendants filed an *ex parte* application seeking permission to submit charts in connection with their <u>second</u> motion to dismiss. (Defendants' *Ex Parte* Application for Leave to Submit Charts, *In re Acadia Pharm. Inc. Sec. Litig.*, No. 18-CV-01647 (S.D. Cal. Aug. 24, 2020), Dkt. 85.) In their application, the *Acadia* defendants explained that the charts they planned to submit would simply bucket the challenged statements that are non-actionable into similar categories as proposed here. (*Id*. at 3.) The *Acadia* plaintiffs[1] opposed defendants' request on the exact same ground as in this case—i.e., that such charts constituted an extension of the defendants' motion to dismiss arguments and "should be a motion for an extension of the page limitation for the brief." (Lead Plaintiff's Opposition to Defendants' Ex Parte Application for Leave to Submit Charts, *In re Acadia Pharm. Inc. Sec. Litig.*, No. 18-CV-01647 (S.D. Cal. Aug. 25, 2020), Dkt. 86.) The *Acadia* court rejected that argument and granted the defendants' *ex parte* application to submit charts.[2] (Nguyen

---

[1] Plaintiff in this action is represented by the same counsel (Tamar Weinrib of Pomerantz) who represents the Acadia plaintiffs.

[2] Plaintiff's citation to *Jiangchen v. Rentech, Inc.* is irrelevant because there, unlike here, the defendants did not seek leave to file the charts with their briefing. *See* 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017).

Cooley LLP
Attorneys at Law
San Diego

2

Reply iso *Ex Parte* Application for
Leave to Submit Charts
Case No. 2:20-cv-02182-PSG-JC

Decl. Ex. A.)

The Court should do the same here. Defendants seek leave, not to extend or make *additional legal* arguments, but only to submit *charts* bucketing the challenged statements in the AC, which numerous and, in many instances, confusingly grouped together.  These charts support arguments that defendants are already making in their brief (i.e., that the challenged statements are not actionable because they are (1) forward-looking, (2) expressions of corporate optimism, (3) opinions, or (4) accurate statements of historical fact) and are intended solely to assist the Court in conducting the statement-by-statement analysis that is required by the PSLRA.  For these reasons, and those set forth in the Application, Defendants respectfully request that the Court grant their request for leave to file charts in connection with their Motion to Dismiss Plaintiff's Amended Complaint.

Dated:          October 20, 2020            Respectfully submitted,


By: */s/ Peter M. Adams*
    Peter M. Adams

*Attorneys for Defendants PharmaCielo Ltd., David Attard, Scott Laitinen, and David Gordon*

Cooley LLP
Attorneys at Law
San Diego

3