COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
LINH K. NGUYEN (305737)
(lknguyen@cooley.com)
4401 Eastgate Mall
San Diego, California  92121-1909
Telephone:   +1 858 550-6000
Facsimile:   +1 858 550-6420

*Attorneys for Defendants PharmaCielo Ltd.,
David Attard, Scott Laitinen, and David
Gordon*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| IN RE PHARMACIELO LTD. SECURITIES LITIGATION | Case No. 2:20-cv-02182-PSG-JC |
| | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| | Date:      February 22, 2021 <br> Time:      1:30 p.m. <br> Court:     6A <br> Judge:     Hon. Philip S. Gutierrez |

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants PharmaCielo Ltd., ("PharmaCielo" or the "Company") David Attard, Scott Laitinen, and David Gordon (collectively with PharmaCielo, "Defendants") respectfully ask the Court to consider the documents identified below in conjunction with Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"). The documents subject to this request are attached as Exhibits 1 through 29 to the concurrently filed Declaration of Peter M. Adams (the "Adams Decl.").

## I.   INTRODUCTION[1]

The Court should consider Exhibits 1 through 29 when resolving the Motion because as detailed below, they are incorporated by reference into Plaintiff's Amended Complaint (Dkt. 27, the "AC"), subject to judicial notice, or both.

The AC challenges or references statements contained in 18 different documents. Defendants submit these documents, with the pertinent text highlighted, so that the Court can view the statements in context as part of the "statement-by-statement" analysis required by the Private Securities Litigation Reform Act. *See In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7, 10 n.5 (N.D. Cal. Apr. 28, 2020) (each challenged statement "***must*** be analyzed in context" and "the Court ***must*** do a statement-by-statement analysis").

Defendants also submit these documents because, according to binding Supreme Court and Ninth Circuit precedent, when evaluating securities fraud complaints, courts "***must consider*** the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, ***and*** matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) ("must"). Judicial notice and incorporation by reference are "exceptions"

---

[1] Throughout this Request, internal quotations have been omitted, emphasis has been added, and quoted text has been "cleaned up" without further notation.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS
CASE NO. 2:20-CV-02182-PSG-JC

to the general rule that courts may not consider "matters outside the pleading[s]" when ruling on a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

## II. DOCUMENTS SUBJECT TO THIS REQUEST

Proper application of the doctrines of incorporation by reference and judicial notice requires a document-by-document analysis. *See id.* at 998–1007. Defendants provide the following index to assist the Court in doing so. It is organized chronologically, in the same order as the challenged statements in paragraphs 42 through 76 of the AC. The "Ex." column identifies the exhibit number. The "Date" column identifies the publication date.[2] The "¶¶" column lists the paragraph(s) where Plaintiff relies on the publication as the basis of its claims, demonstrating that each document is incorporated by reference in the AC. Where no paragraph is listed ("--"), those documents are subject to judicial notice for the purposes discussed below. Defendants provide this information because the doctrines are distinct, and "permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways." *Khoja*, 899 F.3d at 998.

| Ex. | Date | Description | ¶¶ |
|-----|------|-------------|-----|
| 1 | 07/25/2016 | PharmaCielo press release, *PharmaCielo Acquires Turnkey Nursery and Propagation Centre in the Heart of Colombia's Flower Growing Region* | -- |
| 2 | 05/12/2017 | PharmaCielo press release, *PharmaCielo Prepares for Receipt of Cultivation Licence with Expansion of Cannabis Oil Processing and Research Facilities* | -- |
| 3 | 07/25/2019 | PharmaCielo press release, *PharmaCielo First to Receive Colombian Government Export Approval for Commercial Sale of CBD Isolate* | 45 |

---

[2] The publication dates for these documents are identified in the Complaint, the documents themselves, and/or the concurrently filed Adams Decl.

Cooley LLP
Attorneys at Law
San Diego

3

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS
CASE NO. 2:20-CV-02182-PSG-JC

| Ex. | Date | Description | ¶¶ |
|---|---|---|---|
| **4** | 08/01/2019 | PharmaCielo press release, *PharmaCielo Achieves Twelvefold Increase in Dried Cannabis Processing Capacity to Meet Global Demand for Medicinal Oil Extracts* | 47 |
| **5** | 08/13/2019 | PharmaCielo press release, *PharmaCielo Expands Further Into Latin America With Sales Agreement to Supply CBD Extracts, Oils and Veterinary Products to Laboratorios Adler* | -- |
| **6** | 08/27/2019 | PharmaCielo press release, *PharmaCielo Announces Financial Results for the Second Quarter 2019* | 49 |
| **7** | 08/27/2019 | PharmaCielo Condensed Interim Consolidated Financial Statements Three and Six Months Ended June 30, 2019 (Expressed in Canadian Dollars) (Unaudited) | 50 |
| **8** | 08/27/2019 | PharmaCielo Management's Discussion and Analysis ("MD&A") for the Three and Six Months Ended June 30, 2019 | 51 |
| **9** | 09/25/2019 | PharmaCielo press release, *PharmaCielo Enters the U.S. with $3 Mil Q4 Sales Agreement & Complete Introductory Shipments to Multi-State Distributor General Extract LLC* | 53 |
| **10** | 09/25/2019 | Hemp Daily Industry, *"It is not an overnight process": Q&A with David Gordon of Colombian Hemp Producer PharmaCielo* | 54 |
| **11** | 11/25/2019 | PharmaCielo press release, *PharmaCielo Announces Financial Results for the Three & Nine Months Ended Sept. 30, 2019* | 57 |
| **12** | 11/25/2019 | PharmaCielo Condensed Interim Consolidated Financial Statements Three and Nine Months Ended September 30, 2019 (Expressed in Canadian Dollars) (Unaudited) | 58–60 |
| **13** | 11/25/2019 | PharmaCielo Management's Discussion and Analysis ("MD&A") for the Three and Nine Months Ended June 30, 2019 | -- |
| **14** | 12/14/2019 | PharmaCielo press release, *PharmaCielo Awarded Game-Changer Award by MJ Daily* | 62 |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS
CASE NO. 2:20-CV-02182-PSG-JC

| Ex. | Date | Description | ¶¶ |
|---|---|---|---|
| **15** | 01/09/2020 | Marijuana Business Daily, *New Medical Cannabis Sales Opportunities in Peru Face Downward Price Pressure After Winning Company's Very Low Bid* | 64 |
| **16** | 01/17/2020 | PharmaCielo press release, *PharmaCielo Receives Acceptance from TSX Venture Exchange of Supply Agreement for Export of 2018 Farm Bill Compliant CBD Isolate to United States* | 66 |
| **17** | 01/24/2020 | PharmaCielo press release, *PharmaCielo Signs Pan-European Distribution Agreement for CBD Isolate and Broad-Spectrum CBD Oil* | 68 |
| **18** | 01/27/2020 | PharmaCielo press release, *PharmaCielo Announces 30,000 Kg Cannabis Extract Agreement with XPhyto for German Market* | 70–71 |
| **19** | 01/28/2020 | Benzinga, *PharmaCielo Makes Leap Across the Pond with 2 Large-Scale CBD, THC Extracts Sales Agreements* | 72 |
| **20** | 02/13/2020 | Cannabis Business Times, *Medical Cannabis Exports in Colombia Promise Massive Market Potential* | 74 |
| **21** | 03/02/2020 | Hindenburg Research, *PharmaCielo: 100% Downside on Co-Founder's History of Securities Fraud Allegations, Numerous Undisclosed Related Party Transactions and Operational Failures* | 76–82 |
| **22** | 03/03/2020 | PharmaCielo press release, *PharmaCielo Issues Statement Regarding Misleading Short-Seller Report* | -- |
| **23** | 03/23/2020 | PharmaCielo press release, *PharmaCielo Independent Investigation Concludes Short Seller Report Contains Accusations and Claims Based on Faulty Interpretation of Events and Information* | -- |
| **24** | 08/13/2020 | PharmaCielo press release, *PharmaCielo Increases Cannabis Cultivation Through External Contractor to Meet Market Demand for Medicinal Extracts* | -- |
| **25** | 08/31/2020 | PharmaCielo press release, *PharmaCielo Announces Financial Results for the Second Quarter Ended June 30, 2020 and Provides Operational Update* | -- |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS
CASE NO. 2:20-CV-02182-PSG-JC

| Ex. | Date | Description | ¶¶ |
|-----|------|-------------|-----|
| 26 | 08/31/2020 | PharmaCielo Condensed Interim Consolidated Financial Statements Three and Six Months Ended June 30, 2020 (Expressed in Canadian Dollars) (Unaudited) | -- |
| 27 | 09/22/2020 | PharmaCielo press release, *PharmaCielo Declared 'Project of National Strategic Interest' by Government of Colombia* | -- |
| 28 | | Historical stock price data for PharmaCielo (PCLOF) from June 21, 2019 through March 3, 2020, published by Yahoo! Finance at https://finance.yahoo.com. | -- |
| 29 | 3/23/2020 | PharmaCielo press release, *Response to Short Seller Report* | -- |

## III. ARGUMENT

### A. The Court Should Consider the Documents Plaintiff Relies On.

A defendant may seek to incorporate a document into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The incorporation doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. "Once a document is deemed incorporated by reference, ***the entire document is assumed to be true*** for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). "The court need not . . . accept as true allegations that contradict matters properly [presented] by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a defendant from using the doctrine[] of . . . incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations.").

Exhibits 3 through 4, 6 through 12, and 14 through 21 are incorporated by reference into the Complaint because Plaintiff cites these publications by name,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS
CASE NO. 2:20-CV-02182-PSG-JC

challenges statements they contain, or otherwise relies on them to try to support its claims. These publications thus "form the basis" of Plaintiff's claims. *See*, *e.g.*, *In re Silicon Storage Tech., Inc. Sec. Litig.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.").

### B.    The Court Should Also Take Judicial Notice of the Documents

All documents listed here are also subject to judicial notice—an independent ground for the Court's consideration. Judicial notice permits a court to take notice of facts that are "not subject to reasonable dispute" because they are "generally known" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Judicial notice is distinct from incorporation doctrine and extends to "matters of public record **outside** the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell*, 266 F.3d at 988; *see also Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a defendant from using . . . judicial notice . . . to create factual disputes with a plaintiff's *conclusory* allegations."). Despite the permissive language of Rule 201(b), Rule 201(c) provides that courts "**must** take judicial notice if a party requests it and the court is supplied with the necessary information." Courts are also **required** to consider documents subject to judicial notice when ruling on securities fraud complaints. *See Tellabs*, 551 U.S. at 322 ("must"); *Zucco*, 552 F.3d at 991 ("must").

Thus, courts routinely take judicial notice of **regulatory filings**, **press releases**, and **news articles** to establish what information was in the public realm. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS
CASE NO. 2:20-CV-02182-PSG-JC

the public realm at the time, not whether the contents of those articles were in fact true."); *see also, e.g.*, *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013) (SEC filings and corporate press releases); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (information in news articles); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (news articles); *Wilson v. Edison Int'l, Inc.*, 2016 WL 7469601, at *6 & n.2 (C.D. Cal. July 6, 2016) (agency documents and news articles).  Courts also take judicial notice of historic **stock prices** of publicly traded companies because the information is subject to accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Metzler*, 540 F.3d at 1064 & n.7 (stock prices).

All of the exhibits listed above fall into these categories and are therefore proper subjects of judicial notice:

- ***Regulatory Filings:*** Exhibits 7, 8, 12, 13, 26.[3]
- ***Press Releases:*** Exhibits 1–6, 9, 11, 14, 16–18, 22–25, 27, 29
- ***News Articles:*** Exhibits 10, 15, 19–21
- ***Stock Prices***: Exhibit 28.

**IV.   CONCLUSION**

For the foregoing reasons, Defendants respectfully ask that the Court consider Exhibits 3 through 4, 6 through 12, and 14 through 21 under the incorporation doctrine, and take judicial notice of Exhibits 1 through 29.

---

[3] As a publicly traded Canadian company, PharmaCielo is subject to the regulations of the Canadian Securities Administrators (the "CSA"). Exhibits 7, 8, 12, 13, and 26 are disclosure documents filed with the CSA pursuant to CSA regulations (*i.e.*, NI 51-102 "Continuous Disclosure Obligation"), and publicly available on the System for Electronic Document Analysis and Retrieval (SEDAR). Courts regularly recognize that these documents, like SEC filings, are subject to judicial notice. *E.g.*, *Sgalambo v. McKenzie,* 739 F. Supp. 2d 453, 464 n. 8 (S.D.N.Y.2010) (taking judicial notice of document "filed publicly pursuant to the laws of Canada"). Pursuant to 17 CFR § 240.12g3-2, PharmaCielo also makes these documents available on its website.

Dated:        October 21, 2020          Respectfully submitted,

/s/ Peter Adams

*Attorneys for Defendants PharmaCielo Ltd., David Attard, Scott Laitinen, and David Gordon*