**POMERANTZ LLP**
Jeremy A. Lieberman
(admitted *pro hac vice*)
Tamar A. Weinrib
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
taweinrib@pomlaw.com

*Lead Counsel for Plaintiff*

- additional counsel on signature page -

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PHARMACIELO LTD. SECURITIES LITIGATION<br><br>This Document Relates to:<br>All Actions | Case Number: 2:20-cv-02182-PSG-JC<br><br>**PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date:       February 22, 2021<br>Time:      1:30 p.m.<br>Court:     6A<br>Judge:     Hon. Philip S. Gutierrez |

Lead Plaintiff PharmaCielo Investor Group ("Lead Plaintiff") respectfully objects in part to the Request for Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Request"), filed by Defendants PharmaCielo Ltd. (the "Company"), David Attard, Scott Laitinen, and David Gordon (collectively, "Defendants"), on October 21, 2020.  ECF No. 38.

## INTRODUCTION

The Request asks this Court to take judicial notice of *twenty-nine* exhibits, a majority of which Defendants have marked with highlights.  Lead Plaintiff does not object to those exhibits which are referenced in the Complaint.  However, Lead Plaintiff objects to the Request as to Exhibits 1, 2, 5, 13, 22–27, & 29, which are not referenced in nor attached to the Complaint and many of which fall outside the Class Period, to the extent Defendants ask this Court to consider them for the truth of the matters asserted therein and to the extent they contain Defendants' highlights.  Lead Plaintiff objects to the Request as to Exhibit 28 entirely, which is a chart of historical price data irrelevant to the determination of the motion to dismiss submitted in direct contravention of this Court's Order denying Defendants' *ex parte* application for leave to file charts. *See* ECF No. 36.

## ARGUMENT

A fundamental tenet of U.S. civil procedure is that, in general, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint" that is challenged for failing to state a claim. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted). There are two narrow exceptions to this rule: (1) "the incorporation-by-reference doctrine" and (2) "judicial notice under Federal Rule of Evidence 201." *Id.* The exceptions are narrow because the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 1003. Indeed,

the *Khoja* court specifically admonished "a concerning pattern in securities cases," *id.* at 998, wherein parties moving against a securities complaint attempt "to short-circuit the resolution of a well-pleaded claim," *id.* at 1003, attempting "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* at 998.

Lead Plaintiff does not oppose the Request as to Exhibits 3, 4, 6-12, and 14-21 as they fall under "the incorporation-by-reference doctrine." However, Lead Plaintiff objects to the Request as to Exhibits 1, 2, 5, 13, 22-27, & 29 to the extent Defendants ask this Court to take judicial notice of these press releases for the truth of the matters asserted therein and to the extent Defendants have added highlights. *In re Energy Recovery Inc. Sec. Litig.*, No. 15 Civ. 265 (EMC), 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("The Court grants Defendants' requests for judicial notice because these documents are SEC filings. However, notice is taken to establish the existence of the documents, not for the truth of the disputed facts.").

In offering these documents for the truth of the matters asserted therein and highlighting those portions in particular that they ask the Court to accept as true, Defendants ignore the *Khoja* court's criticism of defendants for attempting to use judicial notice at the pleadings stage to "insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id.* at 1002. This is particularly so as to Exhibits 23 and 29 which are not only post-Class Period but directly involve issues of disputed fact.[1] Offering exhibits to insert Defendants' own version of facts into the Complaint is inconsistent with another fundamental doctrine of civil procedure: that on a dispositive motion to dismiss, the Court is to 'accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." *Zucco Partners, LLC v. Digimarc Corp.* , 552 F.3d 981,

---

[1] *Patel v. Parnes* , 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("To the extent [the] contents [of such public records] are in dispute, such matters of controversy are not appropriate subjects for judicial notice.")

2

989 (9th Cir. 2009). Accordingly, though the Court *may* consider judicially-noticeable facts at the pleadings stage, *Khoja* urges that it do so only in "rare instances." *Khoja*, 899 F.3d at 1002.

Moreover, it is not enough for Defendants to argue that the documents are subject to judicial notice. They also have the burden of demonstrating that the documents are relevant and admissible under Rule 201. *Van Nuys Cycle, Inc. v. Harley-Davison Motor Co.*, No. 14 Civ. 6625 (R), 2015 WL 12811245, at *2 (C.D. Cal. Jan. 20, 2015). In their Request, Defendants do not explain the relevance of the existence of a single exhibit they offer that is outside the four corners of the Complaint, nor do they attempt to identify the specific factual allegation in the Complaint to which the existence of each exhibit pertains. Indeed, Exhibits 1, 2, & 22-29 fall outside the Class Period entirely.

Recently a court in this district denied defendants' request for judicial notice of eleven exhibits where they proffered that request "without identifying the facts of which they ask the court to take notice," and echoed *Khoja's* warning that where "defendants in securities cases succumb to the 'alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint,' the result can be 'premature dismissals of plausible claims." *Riley v. Chopra*, 18 Civ. 3371 (FMO), 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020) (quoting *Khoja*, 899 F.3d at 998). *See also DalPogetto v. Wirecard AG*, No. 19 Civ. 986 (FMO), 2020 WL 2374948, at *2 (C.D. Cal. Apr. 25, 2020) (same).

Therefore, particularly given that the Request takes no effort to establish relevance, many of the documents fall outside the Class Period, and Defendants have placed highlights on many of the exhibits, if the Court takes judicial notice of 1, 2, 5, 13, 22-27, & 29, it should not consider them for the truth of the matters asserted therein nor consider the highlights (or alternatively request that Defendants refile clean versions of these exhibits without their highlights).

PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT                                    CASE NO. 2:20-cv-02182-PSG-JC

Moreover, the Court should reject the Request as to Exhibit 28 entirely as it is a chart of historical stock prices that Defendants created and attempt to submit in contravention of this Court's order on October 21, 2020 denying Defendants' *ex parte* application to submit charts.  *See* ECF No. 36.

## CONCLUSION

For all of the foregoing reasons, the Court should deny Defendants' Request as to Exhibits 1, 2, 5, 13, 23–27, & 29 to the extent they seek judicial notice of the factual matters asserted therein or ask the Court to consider their highlights, and deny Defendants' Request as to Exhibit 28 in its entirety.

Dated: December 21, 2020                    Respectfully submitted,

                                            **POMERANTZ LLP**

                                            *s/ Tamar A. Weinrib*
                                            Jeremy A. Lieberman
                                            (admitted *pro hac vice*)
                                            Tamar A. Weinrib
                                            (admitted *pro hac vice*)
                                            600 Third Avenue, 20th Floor
                                            New York, New York 10016
                                            Telephone: (212) 661-1100
                                            jalieberman@pomlaw.com
                                            taweinrib@pomlaw.com

                                            **POMERANTZ LLP**
                                            Jennifer Pafiti
                                            1100 Glendon Avenue, 15th Floor
                                            Los Angeles, CA 90024
                                            Telephone: (310) 405-7190
                                            jpafiti@pomlaw.com

                                            **POMERANTZ LLP**
                                            Patrick V. Dahlstrom
                                            (admitted *pro hac vice*)
                                            10 South La Salle Street, Suite 3505
                                            Chicago, Illinois 60603

Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Lead Counsel for Plaintiff*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Howard Anderson*

**THE SCHALL FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile: 877-590-0482
brian@schallfirm.com

*Additional Counsel for Pamela Que*

5