COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
LINH K. NGUYEN (305737)
(lknguyen@cooley.com)
4401 Eastgate Mall
San Diego, California 92121-1909
Telephone:  +1 858 550-6000
Facsimile:   +1 858 550-6420

*Attorneys for Defendants PharmaCielo Ltd.,
David Attard, Scott Laitinen, and David
Gordon*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| IN RE PHARMACIELO LTD. SECURITIES LITIGATION | Case No. 2:20-cv-02182-PSG-JC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date:    February 22, 2021<br>Time:    1:30 p.m.<br>Court:   6A<br>Judge:  Hon. Philip S. Gutierrez |

## I.    INTRODUCTION

In connection with their Motion to Dismiss,[1] Defendants have asked the Court to consider documents attached as exhibits to the Declaration of Peter M. Adams in Support of Defendants' Motion to Dismiss (the "Exhibits"). (ECF No. 37-2.) Plaintiff concedes that a majority of the Exhibits (3, 4, 6–12, and 14–21) are incorporated by reference in the AC. Plaintiff also concedes that all of the Exhibits (1–29) are proper subjects of judicial notice. Plaintiff contends, however, that (i) Defendants' use of Exhibit 28 violates the Court's prior order regarding the use of charts, and (ii) Defendants improperly rely on Exhibits 1, 2, 5, 13, 22–27, and 29 for the truth of their contents. Plaintiff is wrong on both counts. To the extent Defendants' arguments in the Motion to Dismiss rely on Exhibits 1, 2, 5, 13, 22–28, and 29, such reliance is proper.

## II.    ARGUMENT

### A.    Exhibits 3, 4, 6–12, and 14–21 Are Properly Incorporated.

Plaintiff does not dispute that Exhibits 3, 4, 6–12, and 14–21 are incorporated by reference in the AC. (RJN Opp. at 2.) Nor does Plaintiff dispute that "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018) (concluding that incorporated documents may be assumed true when such assumptions do not dispute "well-pled allegations"). Plaintiff does not contend that any of the incorporated documents are being used to dispute well-pled facts. (*See* RJN Opp. at 2.) The Court should therefore consider the entirety of Exhibits 3, 4, 6–12, and 14–21, all of which are properly incorporated in

---

[1] All "¶" references are to the Amended Complaint for Violations of the Federal Securities Laws ("AC") (ECF No. 27), all "MTD" references are to the Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") (ECF No. 37-1), all "RJN Opp." references are to the Plaintiffs' Opposition to Request for Judicial Notice ("RJN Opp.") (ECF No. 39). Unless otherwise noted, all emphasis is added, and all internal quotation marks and citations are omitted.

the AC.

## B.    Exhibits 1-29 Are Judicially Noticeable.

There is no question that Exhibits 1–29 are proper subjects for judicial notice. All of the Exhibits are the types of publicly available documents that courts find subject to judicial notice. (RJN at 7–8 (collecting cases).) Plaintiff does not dispute this. (RJN Opp. at 2–4.) Nor does Plaintiff contest the authenticity or meaning of any Exhibit. *See Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 787 n.9 (S.D.N.Y. 2020) (taking judicial notice of a transcript where "there [was] no dispute as to [its] authenticity . . . or the meaning of the relevant statements reflected in it"). Rather, Plaintiff argues that Defendants' use of Exhibit 28 violates the Court's prior order regarding charts, and Defendants improperly rely on Exhibits 1, 2, 5, 13, 22–27, and 29 for the truth of their contents. (RJN Opp. at 2–4 (citing ECF No. 36.) Plaintiff is incorrect.[2]

### 1.    Defendants' use of Exhibit 28 is proper.

As an initial matter, the historical stock price data in Exhibit 28 is indisputably subject to judicial notice. Courts routinely take judicial notice of stock prices, as this information is not subject to reasonable dispute. *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014); *Patel v. Parnes*, 253 F.R.D. 531, 547–48 (C.D. Cal. 2008) (judicially noticing historical stock prices because such information is capable of accurate and ready determination); *In re Homestore.com Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 816 (C.D. Cal. 2004) ("[A] court may take

---

[2] The RJN Opp. makes much ado of Defendants highlighting on Exhibits 1, 2, 5, 13, 22–27, and 29. (RJN Opp. at 2–3.) Highlighting on exhibits is a widely accepted practice, and is irrelevant to the Court's consideration of the Request. *See, e.g.*, *FinServ Cas. Corp. v. Settlement Funding, LLC*, 2016 WL 11473823, at *7–8 (S.D. Tex. Feb. 29, 2016) ("Unlike handwritten annotations, highlighting is not evidence with any bearing on the outcome of the case. Therefore, the court finds no harm in the use of highlighting to direct the court to the relevant portions of the document."). Moreover, Defendants' highlighting was intended to aid the Court in identifying the relevant text in each document. (*See* RJN Opp. at 3 (accusing Defendants of requesting judicial notice of documents "without identifying the facts of which they ask the court to take notice").)

judicial notice of a company's published stock prices."). Importantly, Plaintiff does not contest the accuracy of Exhibit 28, and so notice of Exhibit 28 is proper. *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020) (judicial notice of Apple's historical stock prices was proper where "plaintiff [did] not dispute the authenticity of the [stock price] report").

Recognizing this, Plaintiff argues instead that Defendants presentation of the stock price data in chart form violates the Court's order regarding the use of charts. (RJN Opp. at 4 (citing ECF No. 36.) This is absurd. Defendants previously sought leave to submit five misstatement charts with the Motion to Dismiss. (ECF Nos. 33, 33-3.) The Court's prior order denying leave was specific to those charts. (ECF No. 36.) It was not an order banning Defendants from using charts to submit judicially noticeable facts. Nor would such an order make sense. Courts "***must*** take judicial notice if a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(b). Courts are also required to consider facts subject to judicial notice when ruling on securities fraud complaints. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321–23 (2007) ("must"); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) ("must"). As such, the Court's prior order has no bearing on whether the Court must take judicial notice of Exhibit 28.

### 2.      Defendants' use of Exhibits 13, 22, 23, 26, and 29 is proper.

As Plaintiffs are well aware, the arguments in Defendants' Motion to Dismiss reference only some of the challenged Exhibits, and Defendants seek judicial notice of them for proper purposes. (*See* MTD at 15, 20–21, 23, 25.)

**Exhibit 13.** The November 25, 2019 Management's Discussion and Analysis ("MD&A") is a public disclosure made by PharmaCielo pursuant to Canadian reporting requirements for public companies,[3] and "should be read in conjunction

---

[3] *See* National Instrument 51-102 *Continuous Disclosure Obligations*, B.C. Reg. 110/2004 ("A reporting issuer must file MD&A relating to its [required] annual financial statements and each interim financial report.").

with the unaudited condensed interim consolidated financial statements of the Company for the three and nine months ended September 30, 2019." (Ex. 13 at 141.) Because the AC expressly references forward-looking statements in the financial statements for the three and nine months ended September 30, 2019 (¶¶ 58–61), Defendants offered the MD&A to show that these statements were accompanied by cautionary language.[4] This purpose is unquestionably proper. *In re Veritas Software Corp. Sec. Litig.*, 2004 WL 7338912, at *4 (N.D. Cal. May 19, 2004) (concluding that taking judicial notice of SEC filings to "determin[e] what statements the documents contain" is proper).

**Exhibits 22, 23, 26, and 29**. Defendants submitted Exhibits 22, 23, and 29, which are MabVax press releases, not for the truth of their contents, but rather to highlight the fact of the Company's immediate and public rejection of the short-seller's allegations. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (judicial notice may be used to "indicate what was in the public realm at the time"). Similarly, Defendants seek judicial notice of Exhibit 26, PharmaCielo's interim financial report for the three and six months ended June 30, 2020, to bring the Court's attention to PharmaCielo's more recent statement about the XPhyto transaction, which contradicts Plaintiff's narrative about the transaction. *See*, *e.g.*, *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 263 (S.D.N.Y. 2019), *aff'd,* 788 F. App'x 85 (2d Cir. 2019) (taking "judicial notice of the fact that Mayor de Blasio made [certain] statements" in an article he authored). Although the fact that the Company disputed and issued statements contradicting the Report's allegations is relevant to the Court's scienter analysis, none of Defendants' arguments rely on the truth of Exhibits 22, 23, 26, and 29.[5] (*See*

---

[4] The MD&A cautions investors regarding the uncertain nature of forward-looking statements and risk factors applicable to PharmaCielo's business. (Ex. 13 at 141–42, 157–60.)

[5] Plaintiff contends that judicial notice requires Defendants to demonstrate both that the documents are relevant and admissible under Rule 201.  (RJN Opp. at 3 (citing *Van Nuys Cycle, Inc. v. Harley-Davison Motor Co.*, 2015 WL 12811245, at *2 (C.D. Cal. Jan. 20, 2015).)  But that is not the standard. *See* FED. R. EVID. 201(b); *Khoja*,

MTD at 15, 23; *see also Tellabs,* 551 U.S. at 314, 322 (when assessing scienter, the court must consider "competing inferences rationally drawn" from documents subject to judicial notice).)

### 3. Defendants' use of Exhibits 1, 2, 5, 24–25, and 27 for background is proper.

None of Defendants' arguments in the Motion to Dismiss reference Exhibits 1, 2, 5, 24–25, and 27, much less rely on them for their truth. Instead, Defendants offered these Exhibits primarily to show what information "was or was not discussed in the public realm" both before and after the Report was published. *See In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011); *Von Saher*, 592 F.3d at 960. In other words, they are simply background, which the Court may consider or disregard, as it will.[6] *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[R]eference to a letter attached to the state's motion to dismiss was not erroneous because the court did not rely on the letter as a basis for its decision but simply referred to it for background.").

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider under the incorporation by reference doctrine and/or take judicial notice of Exhibits 1 through 29.

---

899 F.3d at 999. Moreover, Plaintiff's reliance on *Van Nuys Cycle, Inc. v. Harley-Davison Motor Co.*, is misplaced because there, the defendant sought judicial notice of documents that were "plainly not subject to judicial notice," *i.e.*, "a Stock Purchase Agreement, a Letter of Intent, a Letter of Agreement Extension, and a 2009 Dealer Contract." 2015 WL 12811245, at *2–3.

[6] Plaintiff notes that a court in this district recently denied the defendants' request for judicial notice, and echoed *Khoja's* cautioning against the use of judicial notice to undermine a complaint. (RJN Opp. at 3 (citing *Riley v. Chopra*, 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020), and *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020)).) However, both *Riley* and *DalPogetto* are distinguishable because there, the defendants did not identify the facts they were asking the court to notice, and supported their arguments in favor of judicial notice with "conclusory assertions." *Riley*, 2020 WL 5217154, at *2; *see also DalPoggetto*, 2020 WL 2374948, at *2.

Dated: February 5, 2020

Respectfully submitted,

By: */s/ Peter Adams*

*Attorneys for Defendants PharmaCielo Ltd., David Attard, Scott Laitinen, and David Gordon*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6

**REPLY ISO DEFENDANTS' RJN**
**CASE NO. 2:20-CV-02182-PSG-JC**