COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
LINH K. NGUYEN (305737)
(lknguyen@cooley.com)
4401 Eastgate Mall
San Diego, California 92121-1909
Telephone: +1 858 550-6000
Facsimile: +1 858 550-6420

*Attorneys for Defendants PharmaCielo Ltd., David Attard, Scott Laitinen, and David Gordon*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| IN RE PHARMACIELO LTD. SECURITIES LITIGATION | Case No. 2:20-cv-02182-PSG-JC |
| | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| | Date: TBD |
| | Time: TBD |
| | Court: 6A |
| | Judge: Hon. Philip S. Gutierrez |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants PharmaCielo Ltd., ("PharmaCielo" or the "Company") David Attard, Scott Laitinen, and David Gordon (collectively with PharmaCielo, "Defendants") respectfully ask the Court to consider the documents identified below in conjunction with Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion"). The documents subject to this request are attached as **Exhibits 1 through 25** to the concurrently filed Declaration of Peter M. Adams (the "Adams Decl.").

## I.  INTRODUCTION[1]

The Court should consider **Exhibits 1 through 25** when resolving the Motion because as detailed below, they are incorporated by reference into Plaintiffs' Second Amended Complaint (Dkt. 50, the "SAC"), subject to judicial notice, or both.

The SAC challenges or references statements contained in 17 different documents. Defendants submit these documents so that the Court can view the statements in context as part of the "statement-by-statement" analysis required by the Private Securities Litigation Reform Act. *See In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7, 10 n.5 (N.D. Cal. Apr. 28, 2020) (each challenged statement "***must*** be analyzed in context" and "the Court ***must*** do a statement-by-statement analysis").

Defendants also submit these documents because, according to binding Supreme Court and Ninth Circuit precedent, when evaluating securities fraud complaints, courts "***must consider*** the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, ***and*** matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) ("must"). Judicial notice and incorporation by reference are "exceptions"

---

[1] Throughout this Request, internal quotations have been omitted, emphases have been added, and quoted text has been "cleaned up" without further notation.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS PLAINTIFFS' SAC
CASE NO. 2:20-CV-02182-PSG-JC

to the general rule that courts may not consider "matters outside the pleading[s]" when ruling on a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

## II. DOCUMENTS SUBJECT TO THIS REQUEST

Proper application of the doctrines of incorporation by reference and judicial notice requires a document-by-document analysis. *See id.* at 998–1007. Defendants provide the following index to assist the Court in doing so. It is organized chronologically. The "Ex." column identifies the exhibit number. The "Date" column identifies the publication date.[2] The "¶¶" column lists the paragraph(s) where Plaintiffs rely on the publication as the basis of their claims, demonstrating that each document is incorporated by reference in the SAC. Where no paragraph is listed ("--"), those documents are subject to judicial notice for the purposes discussed below. Defendants provide this information because the doctrines are distinct, and "permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways." *Khoja*, 899 F.3d at 998.

| Ex. | Date | Description | ¶¶ |
|-----|------|-------------|-----|
| 1 | 07/25/2019 | PharmaCielo press release, *PharmaCielo First to Receive Colombian Government Export Approval for Commercial Sale of CBD Isolate* | 56 |
| 2 | 08/01/2019 | PharmaCielo press release, *PharmaCielo Achieves Twelvefold Increase in Dried Cannabis Processing Capacity to Meet Global Demand for Medicinal Oil Extracts* | 58 |
| 3 | 08/13/2019 | PharmaCielo press release, *PharmaCielo Expands Further Into Latin America With Sales Agreement to Supply CBD Extracts, Oils and Veterinary Products to Laboratorios Adler* | -- |
| 4 | 08/27/2019 | PharmaCielo press release, *PharmaCielo Announces Financial Results for the Second Quarter 2019* | 60 |

---

[2] The publication dates for these documents are identified in the SAC the documents themselves, and/or the concurrently filed Adams Decl.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS PLAINTIFFS' SAC
CASE NO. 2:20-CV-02182-PSG-JC

| Ex. | Date | Description | ¶¶ |
|---|---|---|---|
| 5 | 08/27/2019 | PharmaCielo Management's Discussion and Analysis ("MD&A") for the Three and Six Months Ended June 30, 2019 | 62 |
| 6 | 09/25/2019 | PharmaCielo press release, *PharmaCielo Enters the U.S. with $3 Mil Q4 Sales Agreement & Complete Introductory Shipments to Multi-State Distributor General Extract LLC* | 64 |
| 7 | 09/25/2019 | Hemp Daily Industry, *"It is not an overnight process": Q&A with David Gordon of Colombian Hemp Producer PharmaCielo* | 65 |
| 8 | 11/25/2019 | PharmaCielo Press Release, *PharmaCielo Announces Financial Results for the Three and Nine Months Ended September 30, 2019* | 68 |
| 9 | 11/25/2019 | PharmaCielo Condensed Interim Consolidated Financial Statements Three and Nine Months Ended September 30, 2019 (Expressed in Canadian Dollars) (Unaudited) | 69–71 |
| 10 | 11/25/2019 | PharmCielo MD&A for the Three and Nine Months Ended June 30, 2019 | -- |
| 11 | 01/17/2020 | PharmaCielo Press Release, *PharmaCielo Receives Acceptance from TSX Venture Exchange of Supply Agreement for Export of 2018 Farm Bill Compliant CBD Isolate to United States* | 78 |
| 12 | 01/24/2020 | PharmaCielo Press Release, *PharmaCielo Signs Pan-European Distribution Agreement for CBD Isolate and Broad-Spectrum CBD Oil* | 80 |
| 13 | 01/27/2020 | PharmaCielo Press Release, *PharmaCielo Announces 30,000 Kg Cannabis Extract Agreement with XPhyto for German Market* | 82–83 |
| 14 | 03/02/2020 | Hindenburg Research, *PharmaCielo: 100% Downside on Co-Founder's History of Securities Fraud Allegations, Numerous Undisclosed Related Party Transactions and Operational Failures* | 88–94 |
| 15 | 03/03/2020 | PharmaCielo Press Release, *PharmaCielo Issues Statement Regarding Misleading Short-Seller Report* | -- |

| Ex. | Date | Description | ¶¶ |
|---|---|---|---|
| **16** | 03/23/2020 | PharmaCielo Press Release, *PharmaCielo Independent Investigation Concludes Short Seller Report Contains Accusations and Claims Based on Faulty Interpretation of Events and Information* | 99 |
| **17** | 03/23/2020 | PharmaCielo Press Release, *Response to Short Seller Report* | 99 |
| **18** | 04/03/2020 | Redwood Green Corp.'s Annual Report on Form 10-K for the Fiscal Year Ended December 31, 2019 | 100 |
| **19** | 04/29/2020 | PharmaCielo MD&A for the year ended December 31, 2019 | 101 |
| **20** | 11/09/2020 | Andina Gold Corp.'s (FKA Redwood Green Corp.) Quarterly Report on Form 10-Q for the Third Quarter of Fiscal Year 2020 | -- |
| **21** | 03/31/2021 | PharmaCielo MD&A, as amended, for the Three and Nine Months Ended September 30, 2020 | -- |
| **22** | 05/03/2021 | PharmaCielo's MD&A for the Twelve Months Ended December 31, 2020 | 102 |
| **23** | | Historical stock price data for PharmaCielo (PCLOF) from June 21, 2019 through March 3, 2020, published by Yahoo! Finance at https://finance.yahoo.com. | -- |
| **24** | | Redline comparing Plaintiff's Amended Complaint with Plaintiff's Second Amended Complaint | -- |
| **25** | 06/07/2021 | *Terrence Peters v. Colony Credit Real Estate, Inc.*, Case No. 2:20-cv-08305-PSG-PVC (Dkt. 51) | -- |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS PLAINTIFFS' SAC
CASE NO. 2:20-CV-02182-PSG-JC

## III.   ARGUMENT

### A.   The Court Should Consider the Documents Plaintiffs Rely On.

A defendant may seek to incorporate a document into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The incorporation doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. "Once a document is deemed incorporated by reference, ***the entire document is assumed to be true*** for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). "The court need not . . . accept as true allegations that contradict matters properly [presented] by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a defendant from using the doctrine[] of . . . incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations.").

**Exhibits 1 and 2, 4 through 9, 11 through 14, 16 through 19, and 22** are incorporated by reference in the SAC because Plaintiffs cite these publications by name, challenges statements they contain, or otherwise rely on them to try to support their claims. These publications thus "form the basis" of Plaintiffs' claims. *See*, *e.g.*, *In re Silicon Storage Tech., Inc. Sec. Litig.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.").

### B.   The Court Should Also Take Judicial Notice of the Documents

All documents listed here are also subject to judicial notice—an independent ground for the Court's consideration. Judicial notice permits a court to take notice of facts that are "not subject to reasonable dispute" because they are "generally known"

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS PLAINTIFFS' SAC
CASE NO. 2:20-CV-02182-PSG-JC

or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is distinct from incorporation doctrine and extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell*, 266 F.3d at 988; *see also Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a defendant from using . . . judicial notice . . . to create factual disputes with a plaintiff's *conclusory* allegations."). Despite the permissive language of Rule 201(b), Rule 201(c) provides that courts "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Courts are also *required* to consider documents subject to judicial notice when ruling on securities fraud complaints. *See Tellabs*, 551 U.S. at 322 ("must"); *Zucco*, 552 F.3d at 991 ("must").

Thus, courts routinely take judicial notice of *regulatory filings*, *press releases*, *news articles*, and *court documents* to establish what information was in the public realm. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."); *see also, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (information in news articles); *Wilson v. Edison Int'l, Inc.*, 2016 WL 7469601, at *6 & n.2 (C.D. Cal. July 6, 2016) (agency documents and news articles); *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013) (SEC filings and corporate press releases);; *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (news articles); Courts also take judicial notice of historical *stock prices* of publicly traded companies because stock prices are subject

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF MOTION TO DISMISS PLAINTIFFS' SAC
CASE NO. 2:20-CV-02182-PSG-JC

to accurate and ready determination by sources whose accuracy cannot reasonably be questioned. *Metzler*, 540 F.3d at 1064 & n.7.

All of the exhibits fall into the following categories and are therefore proper subjects of judicial notice:

- ***Regulatory Filings:*** Exhibits 5, 9, 10, 18–22;[3]
- ***Press Releases:*** Exhibits 1–4, 6, 8, 11–13, 15–17;
- ***Court Documents:*** Exhibits 24-25;
- ***News Articles:*** Exhibits 7, 14;
- ***Stock Prices***: Exhibit 23.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully ask that the Court consider **Exhibits 1 and 2, 4 through 9, 11 through 14, 16 through 19, and 22** under the incorporation doctrine, and take judicial notice of **Exhibits 1 through 25**.

Dated:        July 30, 2021              Respectfully submitted,

                                        */s/ Peter Adams*

                                        *Attorneys for Defendants PharmaCielo Ltd., David Attard, Scott Laitinen, and David Gordon*

---

[3] As a company publicly traded on the Canadian stock exchange, PharmaCielo is subject to the regulations of the Canadian Securities Administrators (the "CSA"). **Exhibits 5, 9, 10, 19, and 21–22** are disclosure documents filed with the CSA pursuant to CSA regulations (*i.e.*, NI 51-102 "Continuous Disclosure Obligation"), and publicly available on the System for Electronic Document Analysis and Retrieval (SEDAR). Courts regularly take judicial notice of these documents. *E.g., Sgalambo v. McKenzie,* 739 F. Supp. 2d 453, 464 n. 8 (S.D.N.Y.2010) (taking judicial notice of document "filed publicly pursuant to the laws of Canada"). Pursuant to 17 CFR § 240.12g3-2, PharmaCielo also makes these documents available on its website.