**POMERANTZ LLP**
Jeremy A. Lieberman
(admitted *pro hac vice*)
Tamar A. Weinrib
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
taweinrib@pomlaw.com

*Attorneys for Plaintiff*

 - additional counsel on signature page -

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PHARMACIELO LTD. SECURITIES LITIGATION <br><br> _____ <br><br> This Document Relates to: <br> All Actions | CASE NO: 2:20-cv-02182-PSG-JC <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ANDRÉS BOTERO'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> Date: December 10, 2021 <br> Time: 1:30 p.m. <br> Court: 6A <br> Judge: Hon. Philip S. Gutierrez |

TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................................1

II.   PROCEDURAL HISTORY AND SERVICE UPON DEFENDANT BOTERO ......................................................................................................2

III.  ARGUMENT ...............................................................................................4

      A.    Applicable Standards...........................................................................4

      B.    Plaintiffs Served Defendant Botero Pursuant to Rule 4(f) and Article 10(c) .......................................................................................6

      C.    Plaintiffs Timely Served Defendant Botero.........................................9

      D.    The Court Has Personal Jurisdiction Over Defendant Botero ...........10

            1.    Defendant Botero Has Sufficient Minimum Contacts.............11

            2.    Personal Jurisdiction Over Defendant Botero is Reasonable ...13

            3.    This Court has Personal Jurisdiction because Plaintiffs Have Properly Served Defendant Botero...............................17

      E.    The SAC States Section 10(b) and 20(a) Claims ...............................17

IV.   CONCLUSION..........................................................................................18

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
305 F.3d 120 (2d Cir. 2002) ....................................................................15

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)................................................................................10

*Capitol Records, LLC v. VideoEgg, Inc.*,
611 F. Supp. 2d 349 (S.D.N.Y. 2009) ....................................................14

*CFA Inst. v. Inst. of Chartered Fin. Analysts of India*,
551 F.3d 285 (4th Cir. 2009) ..................................................................14

*Chassin Holdings Corp. v. Formula VC Ltd.*,
No. 15-cv-02294-MEJ, 2016 U.S. Dist. LEXIS 52430 (N.D. Cal.
Apr. 19, 2016) ....................................................................................10, 11

*City Pension Fund for Firefighters & Police Officers in City of Miami
Beach v. Aracruz Cellulose S.A.*,
41 F. Supp. 3d 1369 (S.D. Fla. 2011) .....................................................16

*Colley v. Vierra*,
No. CV 19-1988-FMO (AGR), 2020 U.S. Dist. LEXIS 44265
(C.D. Cal. Feb. 5, 2020)............................................................................9

*Daly-Murphy v. Winston*,
837 F.2d 348 (9th Cir. 1987) ....................................................................8

*Evergreen Shipping Agency (Am.) Corp. v. Glob. Shipping Agencies*,
Civil Action No. 19-4958, 2019 U.S. Dist. LEXIS 195500 (D.N.J.
Nov. 12, 2019) ..........................................................................................4

*Hanson v. Denckla*,
357 U.S. 235 (1958)................................................................................11

*ICG Am., Inc. v. Wine of Month Club, Inc.*,
09-cv-133, 2009 U.S. Dist. LEXIS 77151 (D. Conn. Aug. 24,
2009) .......................................................................................................16

*In re Am. Internat'l Grp., Inc. Secs. Litig.*,
   240 F.R.D. 608 (S.D.N.Y. 2007) ..........................................................................6

*In re Banco Bradesco S.A. Sec. Litig.*,
   277 F. Supp. 3d 600 (S.D.N.Y. 2017) .......................................................13, 16

*In re LDK Solar Sec. Litig.*,
   No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS 80717 (N.D. Cal.
   Sep. 24, 2008) ...................................................................................................16

*In re Poseidon Concepts Sec. Litig.*,
   13-cv-1213, 2016 U.S. Dist. LEXIS 68127 (S.D.N.Y. May 24,
   2016) ..................................................................................................................15

*In re Veon Ltd. Sec. Litig.*,
   15-cv-08672, 2018 U.S. Dist. LEXIS 148272 (S.D.N.Y. Aug. 30,
   2018) ..................................................................................................................13

*Inversiones Papaluchi S.A.S. v. Superior Court*,
   20 Cal. App. 5th 1055, 229 Cal. Rptr. 3d 701 (2018) .....................................7, 8

*KDH Elec. Sys., Inc. v. Curtis Tech. Ltd*,
   08-cv-2201, 2010 U.S. Dist. LEXIS 27632 (E.D. Pa. Mar. 19,
   2010) ..................................................................................................................14

*Koehler v. Dodwell*,
   152 F.3d 304 (4th Cir. 1998) ...............................................................................7

*Miramontes v. Mills*,
   No. CV 11-08603 MMM, 2013 U.S. Dist. LEXIS 204694 (C.D.
   Cal. July 30, 2013) ...............................................................................................6

*SEC v. Ficeto*,
   No. CV 11-1637-GHK, 2013 U.S. Dist. LEXIS 26223 (C.D. Cal.
   Feb. 7, 2013) ...........................................................................................10, 11, 12

*SEC v. Gonzalez de Castilla*,
   01-cv-3999, 2001 U.S. Dist. LEXIS 12339 (S.D.N.Y. Aug. 15,
   2001) ..................................................................................................................15

*SEC v. PlexCorps*,
   17-cv-7007, 2018 U.S. Dist. LEXIS 156308 (E.D.N.Y. Aug. 8,
   2018) ..................................................................................................................13

*SEC v. Straub*,
  11-cv-9645, 2016 U.S. Dist. LEXIS 136841 (S.D.N.Y. Sept. 30,
  2016) ..........................................................................................................15

*St. Ventures, LLC v. KBA Assets & Acquisitions, LLC*,
  No. 1:12-cv-01058-LJO-SMS, 2013 U.S. Dist. LEXIS 58217 (E.D.
  Cal. Apr. 23, 2013) ......................................................................................8

*US LED, Ltd. v. Nu Power Assocs., Inc.*,
  07-cv-0783, 2008 U.S. Dist. LEXIS 4395 (S.D. Tex. Jan. 22, 2008) ...............17

*Vancouver Alumni Asset Holdings Inc. v. Daimler AG*,
  No. CV 16-02942 SJO, 2017 U.S. Dist. LEXIS 83621 (C.D. Cal.
  May 31, 2017)......................................................................................*passim*

*Zamora v. JP Morgan Chase Bank*,
  N.A., No. 14-CV-05344 (WHP)(SN), 2017 U.S. Dist. LEXIS
  96760 (S.D.N.Y. June 21, 2017) .................................................................6, 7

**Statutes**

15 U.S.C. § 78aa ..........................................................................................10

15 U.S.C. §78j(b) ..........................................................................................17

15 U.S.C. §78t(b) ......................................................................................12, 17

Code Civ. Proc., §§ 415.30, 415.40 ...................................................................8

**Rules**

Fed R. Civ. P. 4 .....................................................................................*passim*

Fed. R. Civ. P. 6(c).........................................................................................2, 17

Fed. R. Civ. P. 12(b)(6).....................................................................................7, 17

**Other Authorities**

Colombia General Code of Procedure ...................................................................8

Hague Service Convention ...........................................................................*passim*

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

OAS, MORE RIGHTS FOR MORE PEOPLE,
http://www.oas.org/en/sla/dil/inter_american_treaties.asp (last visited Oct. 4, 2021)......................................................................................5

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

## I.   PRELIMINARY STATEMENT

Defendant Andrés Botero's ("Botero") Motion to Dismiss Plaintiffs' SAC,[1] ("Bot. Br.") presents three arguments for dismissal, each equally fallible.

First, Plaintiffs properly served Defendant Botero in Colombia pursuant to Fed. R. Civ. Pro. 4(f) ("Rule 4(f)") and Article 10(c) of the Hague Convention.  On August 5, 2021, Plaintiffs filed Proof of Service (with notarization, translation, and apostille) with this Court (ECF No. 62) substantiating that an authorized process server served the Summons and SAC at Defendant Botero's office, via a security guard authorized to accept service who stated he would provide the papers to Defendant Botero, and again at Defendant Botero's residence where Defendant Botero's mother accepted service and stated she should provide the papers to Defendant Botero.  While service took place within the 90-day timeline set forth in Fed. R. Civ. Pro. 4(m) ("Rule 4(m)") given that Plaintiffs filed the SAC on May 21, 2021, the plain language of Rule 4(m) makes clear that the 90-day deadline does not apply to service in a foreign country.

Plaintiffs have thus effectively served Defendant Botero.

Second, this Court has personal jurisdiction over Defendant Botero because he issued false statements in a press release released into the U.S. market regarding

---

[1] "SAC" refers to Plaintiffs' Second Amended Complaint for Violations of the Federal Securities Laws, filed on May 21, 2021 (ECF No. 50). All ¶ __ references are to the SAC.

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

PharmaCielo, a company listed on a U.S. exchange with U.S. investors, in violation of U.S. securities laws. This suffices to establish Defendant Botero's minimum contact with this forum. Moreover, Defendant Botero has not provided the necessary "compelling case" to establish any unreasonableness in this Court exercising personal jurisdiction.

Third, the SAC states a claim against all Defendants, including Defendant Botero, as provided in Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants Motion to Dismiss Plaintiffs' Second Amended Complaint, filed concurrently herewith (ECF No. 63).[2]

## II. PROCEDURAL HISTORY AND SERVICE UPON DEFENDANT BOTERO

On May 21, 2021, Plaintiffs filed a Second Amended Complaint ("SAC"), listing Andrés Botero as a Defendant. ¶ 20. On June 24, 2021, a process server employed by a notary public in Colombia, Alvaro Junior Agudelo Taborda ("Mr. Taborda"), served the Summons and SAC to Defendant Botero via a security guard at Pharmacielo Colombia Holdings S.A.S. at the address Km3 via Rionegro (Antioquia) La Ceja Vereda El Capiro Finca Sant Angelo. *See* ECF No. 62. The security guard stated that he is in charge of receiving correspondence and would

---

[2] Defendant Botero has expressly joined in Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 59-1)("Defs. Mot."), which is supported by a 25-page brief (the page limit set by this Court's Rule 6(c)), but files this additional 18-page brief nonetheless.

2

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

deliver the documents to Defendant Botero. *Id.* Then, on July 7, 2021, Mr. Taborda also served Defendant Botero by leaving the Summons and SAC with his mother, Mrs. Bernarda Díaz, at his residence located at Calle 0 Sur #32-310 interior 1901 of the city of Medellín (Antioquia). *Id.* Mrs. Díaz stated that she would deliver the documents to Defendant Botero personally. *Id.*

Mr. Taborda described his service of the Summons and SAC upon Defendant Botero in a sworn declaration, initially drafted in Spanish and notarized in accordance with Colombian regulations, Superintendence of Notaries in Colombia, then translated by an official translator of the Exterior Relations Ministry, and then sent to the Colombian Foreign Ministry for an apostille. *Id.* Mr. Taborda's sworn declaration includes the names, physical descriptions, and Colombian Citizen's I.D.s of both Mr. Colorado and Mrs. Díaz. *Id.* Plaintiffs filed each of these three documents as Proof of Service on August 5, 2021. *Id.*

On July 15, 2021, defense counsel confirmed Defendant Botero's receipt of the Summons and SAC, though did not concede the sufficiency of service. *See* Ex. A,[3] attached hereto. While defense counsel sought Plaintiffs' agreement for Defendant Botero to file a motion to dismiss on the same date as "the other

---

[3] A true and correct copy of a June 15, 2021 email communication from Peter Adams of Cooley LLP, defense counsel, to Tamar A. Weinrib of Pomerantz LLP, lead counsel on behalf of Plaintiffs.

3
PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

defendants' motion to dismiss is due" they did not indicate Defendant Botero's intention to also "expressly join" in the other defendants' motion to dismiss. *Id.*

## III.    ARGUMENT

### A.    Applicable Standards

Under Rule 4(f), service on individuals in a foreign country can be made "by any internationally agreed means of service that is reasonably calculated to give notice, *such as* those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1)(emphasis added).

Colombia is a signatory to the Hague Service Convention.  Article 10 of the Hague Service Convention provides that, absent objections from the state of destination, in this case Colombia, the Convention will not interfere with:

> (a) the freedom to send judicial documents by postal channels, directly to persons abroad,
>
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
>
> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 10, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Article 10"). ***Colombia does not object to Article 10****. See Evergreen Shipping Agency (Am.) Corp. v. Glob. Shipping Agencies,* Civil Action No. 19-4958, 2019

U.S. Dist. LEXIS 195500, at *4 (D.N.J. Nov. 12, 2019)(citing Table Reflecting Applicability of Articles 8(2), 10(a), (b) and (c), 15(2) and 16(3) of the Hague Service Convention, https://www.hcch.net/en/instruments/conventions/specialised-sections/service, which indicates that Colombia does not object to Article 10(a-c).)

Moreover, Article 19 makes clear that submitting a request to a central authority is not the only method of service approved by the Hague Convention. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 19, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Article 19").  Specifically, Article 19 states:

> To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

Colombia and the United States are also signatory states to the Inter—American Convention on Letters Rogatory and Additional Protocol, which similarly does not prohibit alternative forms of service. *See* OAS, MORE RIGHTS FOR MORE PEOPLE, http://www.oas.org/en/sla/dil/inter_american_treaties.asp (last visited Oct. 4, 2021).

These standards bely Defendants' argument that "because Plaintiffs did not serve Mr. Botero through Colombia's Central Authority as prescribed by the Hague Convention, they have not served Mr. Botero under Rule 4(f)(1)." Bot. Br. at 6.

While the Hague Convention authorizes service through Colombia's Central Authority, it does not require it.

## B. Plaintiffs Served Defendant Botero Pursuant to Rule 4(f) and Article 10(c)

As Article 10(c) of the Hague Convention permits, and Colombia does not object, a process server served the SAC and Summons on Defendant Botero at his place of business and residence by leaving the documents with persons of suitable age both of whom accepted the documents, expressly stating they would provide the documents to Defendant Botero. The process server qualifies as a "competent person" under Article 10(c). *Zamora v. JP Morgan Chase Bank*, N.A., No. 14-CV-05344 (WHP)(SN), 2017 U.S. Dist. LEXIS 96760, at *7-8 (S.D.N.Y. June 21, 2017). Courts have construed Article 10(c)'s "other competent persons" as an individual permitted to serve process in the foreign country. *Miramontes v. Mills*, No. CV 11-08603 MMM (SSx), 2013 U.S. Dist. LEXIS 204694, at *5-6 (C.D. Cal. July 30, 2013)(finding service proper via process server authorized to serve process in foreign country under Article 10(c); *Zamora*, 2017 U.S. Dist. LEXIS 96760, at *7-8 (citing *Ingram Micro, Inc. v. Airoute Cargo Express*, Inc., No. 99 Civ. 12480 (SAS), 2001 U.S. Dist. LEXIS 2912, at *6 (S.D.N.Y. Mar. 22, 2001) ("competent person" in Article 10(c) defined as someone who is permitted to serve process in the foreign country (internal citation omitted)); *In re Am. Internat'l Grp., Inc. Secs. Litig.*, 240 F.R.D. 608 (S.D.N.Y. 2007) (private process servers were "competent

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

persons" within the meaning of Article 10(c); *Koehler v. Dodwell*, 152 F.3d 304, 307-08 (4th Cir. 1998) (rejecting the "tortured reading" that "competent persons of the State of destination" refers only to "competent persons who are employed by the destination State").

Moreover, Colombia does not object to Article 10(c) as a means of effecting service. *Zamora*, 2017 U.S. Dist. LEXIS 96760, at *7 (citing *Zamora*, ECF No. 72-1 at 9, Colombian Ministry of Foreign Affairs' response that Colombia has "[n]o opposition" to Article 10(c)).

Additionally, there is no question that Defendant Botero received the documents and has full notice of the claims against him; if he had not, he would have no basis for "expressly join[ing]" Defs. Mot. or stating in this instant motion that the "SAC fails to state a claim under rule 12(b)(6)." Bot. Br. at 18. *See also* Ex. A. Notably, both the instant motion and Defs. Mot. were filed by the same defense counsel. In other words, defense counsel representing all parties was authorized to file documents on behalf of Defendant Botero in this action.

Defendants' citation to *Inversiones Papaluchi S.A.S. v. Superior Court*, 20 Cal. App. 5th 1055, 1067, 229 Cal. Rptr. 3d 701 (2018) is misplaced. First, the parties litigated *Inversiones* in State Court and thus did not invoke Federal Rule of Civil Procedure 4. Second, *Inversiones* supports Plaintiffs' position because it confirms that Colombia has not objected to Article 10. *Id.* at 1065. Third, *Inversiones* did not address the methods of service used to serve Defendant Botero.

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Inversiones* ruled that the two methods of service used there—Federal Express and e-mail—would have been permissible if the plaintiffs had obtained acknowledgments of receipt as California law requires for service via mail under Code Civ. Proc., §§ 415.30, 415.40, and as Colombia's General Code of Procedure articles 291 and 292 require for service via email. *Id.* at 1065-1068. Moreover, Defendants misstate the law in arguing that, "[s]ervice on individuals is governed by Colombia's General Code of Procedure Article 291." Def. Br. at 8. *Inversiones* is clear that Article 291 applies to service via email, 20 Cal. App. 5th at 1068, which is not the method of service Plaintiffs employed here.

Further, Defendants have provided no basis for their argument that neither Mr. Colorado nor Mrs. Díaz had authorization to accept service on Defendant Botero's behalf. *St. Ventures, LLC v. KBA Assets & Acquisitions, LLC*, No. 1:12-cv-01058-LJO-SMS, 2013 U.S. Dist. LEXIS 58217, at *21 (E.D. Cal. Apr. 23, 2013) (finding service proper under Article 10(c) where defendants "fails to provide any case law in support of its argument that a receptionist at its registered address is not authorized to accept service"). Each of the cases Defendants rely upon to state that Plaintiffs did not adequately serve Defendant Botero under Rule 4(f)(2)(c) are inapposite. *Daly-Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir. 1987) addressed Rule (d)(1), not Rule 4(f), and held, "[m]ore specifically, *where money damages are sought through a Bivens claim*, personal service, and not service at the place of employment, is necessary to obtain jurisdiction over a

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

defendant in his capacity as an individual." *Id.* (emphasis added). In *Colley v. Vierra*, No. CV 19-1988-FMO (AGR), 2020 U.S. Dist. LEXIS 44265, at *5 (C.D. Cal. Feb. 5, 2020), the court found that leaving the summons and complaint with a receptionist was inadequate because the receptionist expressly told Plaintiff she did not have authorization to accept service. Moreover, *Colley* (like the remaining cases Defendant Botero cites, Bot. Br. at 9) addressed how a plaintiff "may serve an individual within a judicial district of the United States," not Rule 4(f), which concerns service in a foreign country. *Id.* at *6.

### C.     Plaintiffs Timely Served Defendant Botero

Defendants misstate Fed. R. Civ. Pro. 4(m) in arguing that Plaintiffs waited too long to serve Defendant Botero. Bot. Br. at 10. While Rule 4(m) provides plaintiffs with 90 days to serve a complaint after its filed, the rule makes clear that "[t]his subdivision (m) ***does not apply to service in a foreign country under Rule 4(f)***..." Rule 4(m)(emphasis added). Even if Defendants had correctly cited Rule 4(m), Plaintiffs filed the SAC on May 21, 2021 (ECF No. 50) and served Defendant Botero on June 24, 2021 and again on July 7, 2021, with proof of service filed with the Court on August 5, 2021 (ECF No. 62), well within the 90-day timeframe.

Moreover, given that Rule 4(m) does not impose a time limit on service in a foreign country, even if the Court deems service ineffective, the case should not be dismissed on those grounds. Rather, if the Court deems service ineffective, Plaintiffs respectfully request that the Court permit Plaintiffs to serve Defendant

Botero by alternative acceptable means (*e.g.,* such as service via mail or email with acknowledgment of receipt or acceptance of service by defense counsel who now represent Defendant Botero).

### D.       The Court Has Personal Jurisdiction Over Defendant Botero

When evaluating a challenge to personal jurisdiction, a plaintiff's uncontradicted assertions are taken as true, and all conflicts of facts are resolved in plaintiff's favor. *Vancouver Alumni Asset Holdings Inc. v. Daimler AG*, No. CV 16-02942 SJO (KSx), 2017 U.S. Dist. LEXIS 83621, at *13 (C.D. Cal. May 31, 2017).   The Court has personal jurisdiction over Defendant Botero because he issued false statements and supplied false information to U.S. investors in violation of federal securities laws.  *SEC v. Ficeto*, No. CV 11-1637-GHK (RZx), 2013 U.S. Dist. LEXIS 26223, at *12 (C.D. Cal. Feb. 7, 2013)("[T]he Securities Exchange Act permits the exercise of personal jurisdiction to the limit of the Due Process Clause of the Fifth Amendment.").   Jurisdiction for claims brought under the Securities Exchange Act is governed by Section 27 of the Securities Exchange Act of 1934. 15 U.S.C. § 78aa.

A nonresident defendant need not be physically present in the forum in order for personal jurisdiction to exist. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). "So long as a defendant has minimum contacts with the United States, Section 27 of the Act confers personal jurisdiction over the defendant in any federal district court." *Chassin Holdings Corp. v. Formula VC Ltd*., No. 15-cv-02294-

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

MEJ, 2016 U.S. Dist. LEXIS 52430, at *12 (N.D. Cal. Apr. 19, 2016). "Because this is a securities fraud case, minimum contacts may be established either by purposeful direction or purposeful availment." *Id.* at *14; *Ficeto*, 2013 U.S. Dist. LEXIS 26223, at *14. *See also Hanson v. Denckla*, 357 U.S. 235, 253 (1958)(a court may exercise jurisdiction upon a showing that a defendant has purposefully directed his activities toward the residents of the forum state, or otherwise "purposefully avail[ed him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.").

### 1.    Defendant Botero Has Sufficient Minimum Contacts

For "purposeful direction," courts in this Circuit requires that a defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Ficeto*, 2013 U.S. Dist. LEXIS 26223, at *15. Defendant Botero, as Chief Operating Officer, intentionally issued a public statement in a Company press release disseminated in the U.S. market, understood that information about "scaling up" the Company's only operations in Colombia would impact the price of PharmaCielo's securities, which traded in an efficient market on the OTCQX located in the United States. "[A]rtificially inflating the price of United States over-the-counter securities, constitutes 'foreseeable harm' resulting from [Defendant Botero's] alleged conduct." *See Id.* at **16-18. Courts have found that the transactional aspects of securities fraud, as alleged here, establish purposeful

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

availment. *Id.* at \*18. (finding purposeful availment where defendants stock traded on a United States over-the-counter securities market because defendants "purposefully availed themselves of the forum by taking advantage of this nation's laws and its capital markets.")

The SAC also alleges a claim against Defendant Botero pursuant to Section 20(a) of the Exchange Act as a control person, which in the Ninth Circuit further supports this Court's exercise of personal jurisdiction particularly given that none of the other Defendants challenge personal jurisdiction. *Id.* at \*21-22 (*citing San Mateo County Transit Dist. v. Dearman, Fitzgerald, & Roberts, Inc.*, 979 F.2d 1356, 1358 (9th Cir. 1992) (holding that personal jurisdiction exists in a case arising under the Securities and Exchange Act so long as "the plaintiff makes a non-frivolous allegation that the defendant controlled a person liable for the fraud").

Defendants' contention that Defendant Botero's July 25, 2019 statements "ha[ve] nothing to do with the United States" because the Company is incorporated in Canada and the press release does not mention the United States, Bot. Br. at 13, misses the mark.  The claim is that Defendants, including Defendant Botero, issued misleading statements to PharmaCielo's U.S. investors regarding PharmaCielo, a company listed on a U.S. securities market, that violated U.S. securities laws.  The press release is addressed to "Investors:," the header of the press release reads "Investing in the future of Cannabis," and the press release appears on the investors

page on PharmaCielo's website.  *See* Bot. Ex. 1 to Adams Decl., ECF No. 61-3. Defendant Botero cannot credible claim that his statements, directed at U.S. investors, have "nothing to do with the United States."

### 2.     Personal Jurisdiction Over Defendant Botero is Reasonable

Having established Defendant Botero's minimum contacts with this jurisdiction, the burden shifts to Defendant Botero to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable in order to defeat personal jurisdiction." *Vancouver Alumni Asset Holdings Inc.*, 2017 U.S. Dist. LEXIS 83621, at *15.  "The showing must be particularly compelling in a securities case because '[t]he reasonableness inquiry is largely academic in non-diversity cases brought under a federal law which provides for [worldwide] service of process because of the strong federal interests involved[.] [W]hile most courts continue to apply the test as a constitutional floor to protect litigants from truly undue burdens, few . . . have ever declined jurisdiction, on fairness grounds, in [securities] cases.'" *SEC v. PlexCorps*, 17-cv-7007, 2018 U.S. Dist. LEXIS 156308, at *57-58 (E.D.N.Y. Aug. 8, 2018) (*quoting SEC v. Straub*, 921 F. Supp. 2d 244, 259 (S.D.N.Y. 2013)); *In re Veon Ltd. Sec. Litig.*, 15-cv-08672, 2018 U.S. Dist. LEXIS 148272, at *20 (S.D.N.Y. Aug. 30, 2018) (same); *In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 645 (S.D.N.Y. 2017) (same).

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

Consideration of several factors courts look at in assessing reasonableness make clear that Defendants do not come close to making a compelling case. *Vancouver Alumni Asset Holdings Inc.,* 2017 U.S. Dist. LEXIS 83621, at **25-26.

*Purposeful interjection into the forum state's affairs.* This follows the same analysis as purposeful direction and purposeful availment. *Id.* at *26. For the reasons previously discussed, this factor weighs in favor of a finding of reasonableness.

*The burden on Defendant Botero.* The burden on Defendant Botero is minimal as he is represented by the very same defense counsel located in the U.S. that represents the remaining Defendants. *See Id.* at *27. Indeed, Defendant Botero stated that he "expressly joins" in Defs. Mot. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 296 (4th Cir. 2009) (fact that defendant was "able to secure counsel to represent its interests" weighs against finding a burden); *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 365 (S.D.N.Y. 2009) (obtaining representation by a law firm with offices in the forum weighs against finding a burden). The burden is especially low for Defendant Botero, who remains an executive at PharmaCielo. *KDH Elec. Sys., Inc. v. Curtis Tech. Ltd*, 08-cv-2201, 2010 U.S. Dist. LEXIS 27632, at *25-26 (E.D. Pa. Mar. 19, 2010) (burden on defendant who is employed by corporate defendant is far lower).

Moreover, "modern advances in communications and transportation have significantly reduced the burden of litigation in distant forums." *Vancouver Alumni*

*Asset Holdings Inc.,* 2017 U.S. Dist. LEXIS 83621, at *27.  *See also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129-30 (2d Cir. 2002).

*The extent of conflict with the sovereignty of Colombia.* Courts in this district have found that where plaintiffs bring a case for defendants' violations of U.S. securities laws based on conduct that is sufficiently tied to the United States, *i.e.,* issuing public statements that U.S. investors will foreseeably consider, this factor is satisfied as long as no significant conflict has been shown to exist. *Vancouver Alumni Asset Holdings Inc.,* 2017 U.S. Dist. LEXIS 83621, at **27-28.  Other than conclusory argument, Defendants have not demonstrated any significant conflict with Colombia.

*The forum's interest in adjudicating the dispute.* This forum has the paramount interest in adjudicating U.S. federal securities laws and protecting U.S. investors with respect to securities traded on a U.S. exchange. *Id.* at *28; *SEC v. Straub*, 11-cv-9645, 2016 U.S. Dist. LEXIS 136841, at *32-33 (S.D.N.Y. Sept. 30, 2016) (U.S. interest in enforcing securities laws and protecting investors justified personal jurisdiction); *SEC v. Gonzalez de Castilla*, 01-cv-3999, 2001 U.S. Dist. LEXIS 12339, at *20 (S.D.N.Y. Aug. 15, 2001) (finding prima facie case of personal jurisdiction, based partly on "[t]he United States ha[ving] a strong interest in enforcing the securities laws."); *In re Poseidon Concepts Sec. Litig.*, 13-cv-1213, 2016 U.S. Dist. LEXIS 68127, at *22-23 (S.D.N.Y. May 24, 2016) (same). "[B]ecause this is a case brought under U.S. federal law, the judicial system has a

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

strong interest in resolving it here." *In re Banco Bradesco*, 277 F. Supp. 3d at 645. "[T]he integrity of this nation's securities markets would be undermined if foreign corporations and executives could fleece those capital markets while standing just beyond the water's edge." *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS 80717, at *21 (N.D. Cal. Sep. 24, 2008).

*Efficient judicial resolution of the controversy.* As with an assessment of the burden upon defendants, this factor is "no longer weighed heavily given the modern advances in communication and transportation." *Vancouver Alumni Asset Holdings Inc.,* 2017 U.S. Dist. LEXIS 83621, at *29.

*The Plaintiffs' interest in obtaining convenient and effective relief.* "The plaintiff's choice of forum is the best indicator of his own convenience." *ICG Am., Inc. v. Wine of Month Club, Inc.*, 09-cv-133, 2009 U.S. Dist. LEXIS 77151, at *26-27 (D. Conn. Aug. 24, 2009); *see similarly City Pension Fund for Firefighters & Police Officers in City of Miami Beach v. Aracruz Cellulose S.A.*, 41 F. Supp. 3d 1369, 1407 (S.D. Fla. 2011) ("obtaining relief in [U.S. federal court] is substantially more convenient and effective than it would be for a class of American investors to seek relief in [foreign nation].").

*Existence of an alternative forum.* Defendants have provided no authority suggesting that Colombia is an adequate alternative forum for adjudicating claims that arise under the *U.S. federal securities laws*.

The remaining Defendants concede that the Court has personal jurisdiction

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

over them.  Plaintiffs have an interest in obtaining full relief from all parties in a single forum, and the judicial system has an interest in providing efficient resolution of controversies without wasting limited judicial resources. *US LED, Ltd. v. Nu Power Assocs., Inc.*, 07-cv-0783, 2008 U.S. Dist. LEXIS 4395, at \*6 (S.D. Tex. Jan. 22, 2008).

### 3.    This Court has Personal Jurisdiction because Plaintiffs Have Properly Served Defendant Botero

This Court also has personal jurisdiction over Defendant Botero because, as set forth *supra*, Plaintiffs have properly served the Summons and SAC upon Defendant Botero in accordance with Rule 4(f) and Article 10(c) of the Hague Convention.

### E.    The SAC States Section 10(b) and 20(a) Claims

Defendant Botero twice states that he "expressly joins" in Defs. Mot.[4], which is supported by a 25-page brief (the page limit set by this Court's Rule 6(c)), and was filed by the same defense counsel that concurrently filed the instant motion later that day, Bot. Br. at 1, 18.  Defendant Botero otherwise only proffers two conclusory sentences to support his argument that the SAC fails to state a claim under Rule 12(b)(6). Bot. Br. at 18. Indeed, Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants Motion to Dismiss Plaintiffs' Second

---

[4] Defs. Mot. also states that Defendant Botero is "joining in this Motion." Defs. Mot. at 3, fn. 2.

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

Amended Complaint, filed concurrently (ECF No. 63), soundly defeats Defendant Botero's contention that the SAC fails to state a claim.

## IV.    CONCLUSION

Therefore, for the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendant Botero's motion in its entirety.

Dated: October 4, 2021                  Respectfully submitted,

                                        **POMERANTZ LLP**

                                        *s/ Tamar A. Weinrib*
                                        Jeremy A. Lieberman
                                        (admitted *pro hac vice*)
                                        Tamar A. Weinrib
                                        (admitted *pro hac vice*)
                                        600 Third Avenue, 20th Floor
                                        New York, New York 10016
                                        Telephone: (212) 661-1100
                                        jalieberman@pomlaw.com
                                        taweinrib@pomlaw.com

                                        **POMERANTZ LLP**
                                        Jennifer Pafiti
                                        1100 Glendon Avenue, 15th Floor
                                        Los Angeles, CA 90024
                                        Telephone: (310) 405-7190
                                        jpafiti@pomlaw.com

                                        **POMERANTZ LLP**
                                        Patrick V. Dahlstrom
                                        (admitted *pro hac vice*)
                                        10 South La Salle Street, Suite 3505
                                        Chicago, Illinois 60603
                                        Telephone: (312) 377-1181
                                        Facsimile: (312) 377-1184
                                        pdahlstrom@pomlaw.com

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Lead Counsel for Plaintiff*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Howard Anderson*

**THE SCHALL FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile: 877-590-0482
brian@schallfirm.com

*Additional Counsel for Pamela Que*

PLAINTIFFS' OPPOSITION TO ANDRÉS BOTERO'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT